EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ADOLFO NEGRÓN, acusado y apelante.

No. 3107.—*Visto:* Febrero 8, 1927. *Resuelto:* Junio 9, 1927.

1. ALIMENTOS *(Food)*—LECHE—LECHE ADULTERADA—PROCESO Y CASTIGO—EVIDENCIA—SUFICIENCIA DE LA MISMA.—Una prueba al efecto de que la leche —que resultó adulterada—venía en porrones por tren con un papel del acusado dirigido a otra persona pidiéndole el envío del precio, es suficiente para sostener acusación de tener y ofrecer en venta, como buena, leche de vaca adulterada.

2. DERECHO PENAL—EVIDENCIA—PESO Y SUFICIENCIA — EVIDENCIA DEL SITIO EN QUE EL DELITO SE COMETIÓ.—En el caso de autos—venta de leche adulterada que se envió por ferrocarril al comprador—*se resolvió:* que si bien la prueba de cargo no demostraba la residencia del vendedor, habiéndola demostrado la de descargo, la jurisdicción de la corte quedó suficientemente establecida.

SENTENCIA de *Angel Acosta Quintero,* J. (Mayagüez), condenando al acusado por delito de adulteración de leche. *Confirmada.*

*Angel A. Vázquez,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Se acusó a Adolfo Negrón como autor de un delito contra la salud pública consistente en tener y ofrecer en venta como buena, leche de vaca adulterada.

Celebrado el juicio la Corte de Distrito de Mayagüez condenó al acusado a sufrir cinco días de cárcel y al pago de las costas. No conforme apeló para ante este tribunal alegando como errores la insuficiencia de la prueba y la falta de jurisdicción de la corte que lo juzgó y condenó.

[1] Hemos examinado la prueba y es a nuestro juicio suficiente. La leche fué ocupada en la estación del ferrocarril de la ciudad de Mayagüez. Tomadas muestras, resultó grandemente adulterada. Venía en dos porrones con un papelito del acusado dirigido a C. Rodríguez de Mayagüez pidiéndole que le enviara en seguida su precio. Rodríguez se encontraba en la estación y allí recibió la leche.

[2] La cuestión de jurisdicción se plantea así:. ''La Corte no adquirió jurisdicción, por no haber quedado demostrado el sitio donde se cometió el delito.''

La denuncia alega que el acusado, en la estación del ferrocarril de Mayagüez tenía y ofrecía en venta leche de vaca adulterada. Nos hemos referido al resultado de la prueba. La leche fué ocupada en la estación. No hay la más leve duda de que fué vendida y enviada por el acusado al comprador que la esperaba. Tampoco de que estaba grandemente adulterada.

El apelante invoca la jurisprudencia establecida en el caso de *El Pueblo* v. *Nogueras,* 23 D.P.R. 332, a saber:

''Cuando en la persecución de un delito por vender u ofrecer en venta como pura leche de vaca adulterada, se demuestra que el acusado adulteró y vendió la leche de que se trata en el distrito de su residencia y la envió directamente por ferrocarril al comprador residente en otro distrito, debe concluirse que el delito quedó consumado en el distrito en que la leche fué adulterada y vendida o sea en el de la residencia del vendedor.''

Y basándose en ella el apelante sostiene que no puede estimarse que la estación del ferrocarril de Mayagüez sea el sitio determinante de la jurisdicción para conocer del delito y que no habiéndose probado dónde residía el acusado, tam-

poco se ha probado el sitio en que se cometió el delito\ y, por tanto, no consta que la corte actuara con jurisdicción.

Los hechos del caso de Nogueras podrían distinguirse de los de éste, pero aceptando que fueran iguales y que debiera aplicarse aquí la misma regla allí establecida, resulta que la prueba demuestra el sitio de la residencia del acusado. La del Fiscal sólo mostró que la leche venía de un sitio llamado "La Plata", pero la de la Defensa se encargó de completarla aportando el dato de la residencia del acusado en el barrio Machuchal, de Sabana Grande. · Y como Sabana Grande forma parte del distrito judicial de Mayagüez, la jurisdicción de la corte de dicho distrito es evidente.

*Debe confirmarse la sentencia recurrida.*